UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA
*ex. rel.*, KARYN L. WALKER,

                Plaintiff,

v.                                     Case No.  5:02-cv-131-Oc-10GRJ

R & F PROPERTIES OF LAKE COUNTY,
INC.,

                Defendant.
_____

## ORDER

Pending before the Court is Plaintiff's Time Sensitive Motion To Compel Deposition Of First Coast Service Options, Inc. (Doc. 183).   On February 25, 2008, the Court entered its Order To Show Cause (Doc. 187) directing First Coast Service Options, Inc. (hereinafter "First Coast") to show cause why the Court should not compel the appearance of a representative at deposition.  First Coast filed a Response (Doc. 199) and the United States Of America submitted a Statement Of Interest on behalf of the Department of Health and Human Services (hereinafter "HHS"). (Doc. 200.)  Plaintiff then filed Supplemental Authority in Support of the Motion To Compel.  (Doc. 202.)[1]

## DISCUSSION

Plaintiff filed this *qui tam* action pursuant to the False Claims Act, 31 U.S.C. § 3729 et seq. claiming that the Defendant R&F Properties of Lake County, Inc., formerly

---

[1] The supplemental authority was a February 22, 2008 letter from the Department of Health & Human Services, Centers for Medicare & Medicaid Services, denying Relator's November 26, 2007 request to depose First Coast Service Options, Inc.

known as Leesburg Family Medicine, P.A., presented false claims to Medicare for reimbursement.  Defendant submitted its Medicare claims to First Coast, a Medicare administrator that provides claims processing, customer service and other related services.[2]  The instant dispute arises out of Plaintiff's efforts to depose First Coast in this litigation.

There is no dispute that the deposition of First Coast is governed by the so-called *Tuohy* regulations.[3]  Title 5 U.S.C. §301 authorizes the head of an executive department to prescribe regulations that place limits on how employees can disseminate information gained in the performance of their official duties.  These regulations are generally called *Tuohy* regulations based on the United States Supreme Court case of the same name upholding the authority to promulgate such regulations.[4]  There is "an unbroken line of authority directly support[ing] [the] contention that a federal employee may not be compelled to obey a subpoena contrary to his federal employer's instructions under valid agency regulations."[5]

---

[2] See Declaration of Harvey B. Ditker, attached as Exhibit A to Doc. 199 (hereinafter "Ditker Declaration").  Mr. Ditker is the Vice President, General Counsel & Secretary of First Coast.

[3] First Coast and HHS contend that First Coast is a health insurance intermediary and carrier, and is thus, an "employee" under the regulations.  See Ditker Declaration at ¶6.  Moreover, Plaintiff does not suggest that the Tuohy regulations are inapplicable to First Coast; in fact, Plaintiff argues in her Motion To Compel that she has complied with HHS's Tuohy regulations.

[4] See United States ex rel. Touhy v. Ragen, 340 U.S. 462, 468 (1951).

[5] Moore v. Armour Pharm. Co., 927 F.2d 1194, 1197 (11th Cir. 1991)(quoting Boron Oil Co. v. Downie, 873 F.2d 67, 73 (4th Cir. 1989)).

HHS's *Tuohy* regulations provide in part:[6]

No employee or former employee of the DHHS may provide testimony or produce documents in any proceedings to which this part applies concerning information acquired in the course of performing official duties or because of the person's official relationship with the Department unless authorized by the Agency head pursuant to this part based on a determination by the Agency head, after consultation with the Office of the General Counsel, that compliance with the request would promote the objectives of the Department.

In her Motion to Compel, Plaintiff represents that she has complied with HHS's *Tuohy* regulations and outlines repeated efforts she has made over the past months to obtain authorization for the deposition of First Coast  – i.e., letters, email and telephone calls with First Coast, HHS and HHS' Office of the General Counsel.  Plaintiff states that despite these efforts she has not obtained any response from HHS and/or the Office of the General Counsel.

However, after filing the instant Motion To Compel, Plaintiff provided First Coast, HHS and the Department of Justice with her "final" list of topics for discussion at the deposition of First Coast, which included seventy-seven (77) proposed areas of inquiry.[7] On March 21, 2008, the Centers for Medicare & Medicaid Services (CMS), a component of HHS,  responded to Plaintiff's request and authorized First Coast to be deposed with respect to all or part of twenty-eight (28) of the seventy-seven (77) proposed areas of inquiry (hereinafter the "*Tuohy* Authorization.")[8]   HHS objected to the remaining forty-nine (49) requests on various grounds.

---

[6] See 45 C.F.R. §2.3 (2007).

[7] See Doc. 199, Exhibit C. Plaintiff previously provided First Coast with a list of topics for examination on deposition but that list only included five areas of inquiry.  See Doc. 183, Exhibit A.

[8] See Doc. 199, Exhibit D.

Based on the *Tuohy* Authorization, Plaintiff's Motion To Compel is due to be **DENIED** as **MOOT** with respect to the twenty-eight (28) areas of inquiry specifically authorized by the *Tuohy* Authorization. To the extent, however, that Plaintiff wishes to compel First Coast's testimony regarding the remaining areas of inquiry not authorized by the *Tuohy* Authorization, that request is due to be **DENIED** because Plaintiff has failed to exhaust her administrative remedies by appealing the *Tuohy* Authorization at the agency level.[9]  Moreover, if Plaintiff chooses to challenge the *Tuohy* Authorization in federal court, she must do so by filing a separate action against HHS under the Administrative Procedures Act, and not by filing a motion to compel in this litigation.[10]

**IT IS SO ORDERED.**

**DONE AND ORDERED** in Ocala, Florida, on April 2, 2008.

GARY R. JONES
United States Magistrate Judge

Copies to:
    All Counsel

---

[9] See <u>Boca Raton Community Hospital, Inc. v. Tenet Healthcare Corp.</u>, 2006 WL 1523231, *1. (D.D.C. 2006); <u>Boca Raton Community Hosp. v. Tenet Healthcare Corp.</u>, 2006 WL 1523234, *3 (S.D. Fla. 2006.)

[10] See <u>Houston Business Journal, Inc. v. Office of Comptroller of Currency</u>, 86 F.3d 1208, 1212, n.4 (D.C. Cir. 1996)(citing <u>Moore v. Armour Pharmaceutical Co.</u>, 927 F.2d 1194, 1197 (11th Cir. 1991).